IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUBIN STOKES § | |
| § | |
| v. § | |
| § | |
| CITIZENS TELECOM SERVICES § | |
| COMPANY, LLC d/b/a FRONTIER § | |
| COMMUNICATIONS CORP. § | |
| and BUTLER AMERICA, LLC § | Case No. 4:21-mc-02299 |
| § | |
| BUTLER AMERICA, LLC § | |
| § | |
| v. § | |
| § | |
| LOCO BRANDS, LLC d/b/a § | |
| DIRECT TEK § | |

### JUDGMENT CREDITOR'S EX PARTE APPLICATION
### FOR A TURNOVER ORDER

Judgment creditor Butler America, LLC ("***Butler***") applies for *ex parte* postjudgment relief (the "***Application***") under Texas Civil Practice and Remedies Code § 31.002 (West 2022) (the "***Turnover Statute***"), as incorporated by Rule 69(a) of the Federal Rules of Civil Procedure, with respect to collection of the judgment originally entered in the United States District Court for the Eastern District of Wisconsin in favor of Butler and against the judgment debtor, Loco Brands, LLC d/b/a Direct TEK ("***Loco***" or "***judgment debtor***"), and registered in this judicial district, and would respectfully show the Court as follows:

## LOCO SHOULD NOT BE ALLOWED TO PERPETRATE AN INJUSTICE

1.       This Application is to prevent an injustice that Loco is apparently attempting to perpetrate on Butler.  Butler and Loco have mutual judgments against each other, although Loco's judgment is slightly larger.  Yet, instead of accepting Butler's offer to net the judgments accompanied by a check for the $22,000[1] difference between the two judgments, Loco has recently taken steps to collect its $493,000 judgment against Butler.  The obvious inference is that Loco believes Butler will be unable to collect its $471,000 judgment against Loco. The consequent inference is that Loco will transfer any monies it collects from Butler to put the monies out of Butler's reach, thereby preventing Butler from collecting its judgment against Loco by garnishment, turnover, or otherwise. Loco's failure to agree to offset the judgments and accept payment of the difference serves no purpose *unless* Loco is trying to gain an advantage over Butler. Therefore, Butler requests the Court enter an order offsetting the judgments (with the remainder of the Loco judgment to remain intact) or, alternatively, order Loco to turn over its judgment to a Court appointed receiver to be liquidated. As explained below, Texas has long recognized the right of creditors to offset mutual judgments, particularly when one of the creditors in impecunious.  Further, caselaw holds a mutual judgment is subject to turnover under the Turnover Statute.

## PROCEDURAL HISTORY

2.       On November 3, 2020, in Case No. 2:18-cv-01963-LA (the "***Wisconsin Action***"), with respect to the third-party complaint of Butler, the United States District

---

[1] The dollar figures in this paragraph are approximate.

Court for the Eastern District entered judgment (the "***Judgment***") in favor of Butler and against Loco in the amount of $471,626.70 (dkt. nos. 1, 1-1 & 1-2). The Judgment bears postjudgment interest pursuant to 28 U.S.C. 1961 at 0.12% per annum, compounded annually. The Judgment is final, valid and subsisting, and is wholly unsatisfied. The Judgment was registered in this district in this action on October 15, 2021.  There was no appeal of the Judgment by Loco nor has there been any attempt to vacate or modify the Judgment.

3.	Approximately eight months after entry of the Judgment in the Wisconsin Action, on August 5, 2021, Loco obtained a judgment, in Case No. 6:18-cv-69-JDK-KNM, styled *Loco Brands, LLC d/b/a Direct Tek v. Butler American, LLC*, in the United States District Court for the Eastern District of Texas, Tyler Division (the "***Texas Action***"), against Butler (the "***Loco Judgment***").  A true copy of the Loco Judgment is attached to this Application as Exhibit 1. By Butler's calculations, the amount of the Loco Judgment as of the date of entry was $493,463.25. The Loco Judgment bears postjudgment interest pursuant to 28 U.S.C. § 1961 at 0.07% per annum, compounded annually.[2]

4.	On August 18, 2021, *less than two weeks* after the entry of the Loco Judgment in the Texas Action, Butler, through its counsel, sent a letter to Loco's counsel to reach a resolution regarding the parties' mutual judgments. A true copy of this letter is

---

[2] Although the Loco Judgment is for a greater amount than the Judgment, the per diem postjudgment interest rate on the Loco Judgment is less.  Therefore, the per diem postjudgment interest on the Loco Judgment is 60 cents less than the per diem postjudgment interest on the Judgment — approximately 95 cents per day vs.  $1.55 per day.

attached to this Application as Exhibit 2. In the letter, Butler's counsel calculated the difference between the Loco Judgment and the Judgment as totaling $21,408.49[3] in favor of Loco, and Butler offered that sum to Loco in full satisfaction of the parties' judgments against each other. At the time the letter was sent to Loco's counsel, Butler sent a check payable to Loco in the amount of the difference to Loco via overnight delivery (the "**Check**"). Loco has not returned the Check to Butler nor has it negotiated the Check.

5. Recently, on December 29, 2021, despite continuing to retain Butler's Check, Loco initiated postjudgment discovery from Butler in the Texas Action by serving postjudgment interrogatories and requests for production. Therefore, Loco has taken steps to enforce its judgment against Butler despite well-knowing that Butler has an offsetting Judgment. Butler has not initiated postjudgment discovery from Loco. Butler did request and the Clerk has issued a writ of execution on its Judgment (dkt. 3)[4]. However, Butler has not requested service of the writ by the United States Marshal at this time.

## THE TURNOVER STATUTE

6. The Turnover Statute "does not require notice and a hearing prior to the issuance of a turnover order." *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 256 (Tex. App. – Corpus Christi 2014, no pet.); *See Ex Parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983) (stating notice and hearing not required under

---

[3] As noted, the per diem postjudgment interest on Butler' Judgment is greater than the per diem postjudgment interest on the Loco Judgment. Therefore, the overall monetary difference between the two judgments is slightly decreasing over time. As such, the check held by Loco is currently greater than the difference between the two judgments.

[4] The writ of execution states the Judgment bears postjudgment interest at the rate of 0.09%, but Butler asserts this is an error as the rate of interest should be based on the date the Judgment was entered in the Wisconsin Action, not the date it was registered in this Court.

predecessor statute). The grant of a turnover order is reviewed on an abuse of discretion standard. *Williams Farms*, 443 S.W.3d at 255 (citing *Beaumont Bank, N.A. v Buller*, 806 S.W.2d 223, 226 (Tex. 1991) ("**Buller**")). "The Texas 'turnover' statute allows judgment creditors to reach assets of a judgment debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 754 Tex. App. – Houston [14th Dist.] 2017, no pet.) (citing *Buller*, 806 S.W.2d at 224 (Tex. 1991)).

> Specifically, a judgment creditor may seek turnover relief against a judgment debtor if the judgment debtor owns property, including present or future rights to property, that (1) cannot readily be attached or levied on by ordinary legal process, and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (Vernon 2015). The court may order the judgment debtor to turn over non-exempt property to a designated sheriff or constable for execution, may otherwise apply the property to the satisfaction of the judgment, or may appoint a receiver with the authority to take possession of the non-exempt property, to sell it, and to pay the proceeds to the judgment creditor to satisfy the judgment. *Id.* § 31.002(b)

*Id.*

7. A final judgment is property that cannot be readily attached or levied on by ordinary legal process and is subject to turnover under the Turnover Statute. *See Gillet*, 523 S.W.3d at 755-56. In *Gillet*, the parties were awarded judgments against each other in an arbitration proceeding that the arbitrator did not offset. 523 S.W.3d at 753. After the trial court signed a final judgment confirming the arbitrator's award, ZUPT applied for a turnover order and the appointment of a receiver to enforce its judgment against Gillet in the award. *Id.* The trial court granted the application and required Gillet to turnover to the receiver "his award in the final judgment and his ownership interest in ZUPT…." *Id.*

5

at 756. The appellate court upheld the turnover of Gillet's judgment and his interest in ZUPT. *Id.*

## THE RIGHT TO OFFSET MUTUAL JUDGMENTS

8. "As early as 1855, Texas courts held that '[t]here is no doubt of the power of courts independent of statute to set off mutual judgments against each other. Such power has long been exercised by both courts of law and equity.'" *Bonham State Bank v. Beadle*, 907 S.W. 465, 468 (Tex. 1995) (quoting *Simpson v. Huston*, 14 Tex. 476, 481 (1855)). "We have thus recognized that setoff is an appropriate judicial response to the serious practical difficulties encountered when the parties have mutual judgments, particularly when one of them is impecunious." *Bonham*, 907 S.W.2d at 468. "While this line of cases is an old one, it has never been disavowed by [the Texas Supreme Court.]" *Id*. Indeed, a "set-off is required when parties hold mutual judgments against each other." *Nu-Way Energy Corp. v. Delp*, 205 S.W.3d 667, 684 (Tex. App. – Waco 2006, pet. denied).

9. "[S]etoffs 'save the oppressive and ruinous sacrifice of property … in cases where the insolvency of one of the parties prevents the possibility of recovery …'" *Bonham,* 907 S.W.2d. at 469 (quoting *Simpson*, 14 Tex. at 481). Setoffs also serve other beneficial purposes, such as eliminating judgments that could adversely affect a party's credit rating. *Bonham,* 907 S.W.2d at 469.  A party holding an offsetting judgment "should not be powerless, and required to await the day, if and when it comes, that the judgment-proof creditor attempts to execute on *its* judgment to obtain relief." *Id*. (emphasis in original).

10. The Texas Supreme Court held "long ago" that "a party's failure to obtain an offset of two judgments at the time the second judgment is rendered does not 'prejudice the right of the [party seeking offset] to estop him from claiming the set-off in a separate proceeding.'" *Id*. (*quoting Wright v. Treadwell*, 14 Tex. 255, 257 (1855) (alteration in original). Moreover, the "right to offset two final judgment is independent of the merits of either of the underlying judgments." *Bonham,* 907 S.W.2d. at 470. There is a requirement of mutuality of the parties to the judgments, *id*., but that requirement is met here as Butler and Loco are the only parties to the judgments.

### OFFSET UNDER THE TURNOVER STATUTE

11. To Butler's knowledge, there are no cases relating to the offset of mutual judgments under the Turnover Statute. However, the language of the Turnover Statute is sufficiently broad to permit the Court to take such an action. Texas Civil Practice and Remedies Code § 31.002(b) provides (emphasis added):

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents and records related to the property, to a designated sheriff or constable for execution;

(2) ***otherwise apply the property to the satisfaction of the judgment***; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

Section 31.002(b)(2) provides the Court with latitude in applying property to satisfy the judgment. *E.g. Ross v. 3D Tower Ltd*., 824 S.W.2d 270, 272 (Tex. App. – Houston [14th

Dist.] 1992, writ denied). Further, the Court is "not required to appoint a receiver as the language of the statute is permissive*.*" *Id.*  Thus, under § 31.002(b)(2), the Court can apply the Loco Judgment to satisfy Butler's Judgment. Although Loco's Judgment is slightly larger, the Court can order that the Loco Judgment is reduced by the amount of the Judgment, or hold that the Loco Judgment has been fully satisfied because Butler has already tendered the difference to Loco.  Alternatively, Butler can stop payment on the Check and tender the difference between the two judgments into the registry of the Court for Butler's benefit.

12. Indeed, the situation before the Court appears tailor-made for application of the Turnover Statute to effectively end the dispute between the parties.  Such an application would eliminate Butler's need to move to quash or otherwise respond to the unnecessary discovery served by Loco, and would obviate the need for either of the parties to expend attorneys' fee and costs. Alternatively, instead of using the Turnover Statute (or as an alternate ground for doing so) the Court can use its inherent power, independent of statute, to set off the mutual judgments. *Bonham*, 907 S.W. at 468 (Tex. 1995); *Beutel v. Dallas County Flood Control Dist., No. 1*, 916 S.W.2d 685, 693 (Tex. App. – Waco 1996, writ denied). "Jurisdiction in equity to offset judgments between the same parties cannot be questioned." *Shinholt v. Angle*, 90 F.2d 297, 298 (5th Cir. 1937); *Modern Distributors, Inc. v. Wolin*, 67 F.R.D. 620, 621 (C.D. Cal. 1975).

### **TURNOVER OF THE LOCO JUDGMENT**

13. Alternatively, it is clear the Court has the power to require Loco to turnover the Loco Judgment to a Court appointed receiver. *Gillet,* 523 S.W.3d at 756.

### EVIDENCE IN SUPPORT OF THE APPLICATION

14. The Declaration of Ryan B. Bell is attached as Exhibit 3 in support of the Application and authenticates Exhibits 1 & 2 to this Application.

### REQUEST FOR RELIEF

15. Butler requests the Court enter an order offsetting the Loco Judgment and the Butler Judgment under the Turnover Statute or, alternatively and/or additionally, under its inherent power to enforce its judgments and its inherent equitable power. In this regard, Butler is willing to deposit into the registry of the Court, with notice to Loco, pursuant to Rule 67 of the Federal Rules of Civil Procedure, the sum of money representing the difference between the two judgments; *provided* that Loco has not negotiated the Check in the interim. With the difference deposited into the registry, the Court could simply enter an order stating the judgments have been offset *and* satisfied and ordering the money in the registry be paid to Loco.

16. Alternatively, Butler requests Loco be ordered to execute an assignment of the Loco Judgment to a Court appointed receiver to be sold and the proceeds applied against the Judgment. In this regard, Butler requests that the receiver appointed be knowledgeable in the field of creditors' rights and be paid on an hourly basis at a reasonable rate commensurate with the receiver's experience not to exceed $500 per hour. Butler further requests it be allowed to credit bid to purchase the Loco Judgment up to the amount of the Judgment. Further, Butler requests that no bond be required of the receiver, as the decision of whether a bond is necessary is within the Court's discretion, and the weight of authority is that since the underlying obligation has been determined by

final judgment, the judgment debtor will not be harmed if no bond is required. *In re Estate of Herring*, 983 S.W.2d 61, 64 (Tex. App. – Corpus Christi 1998, no writ).

17. As permitted under the Turnover Statute, Butler requests this relief be granted without notice to Loco or an opportunity for it to be heard. *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 256 (Tex. App. – Corpus Christi 2014, no pet.); *See Ex Parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983) (stating notice and hearing not required under predecessor statute). Alternatively, Butler requests the Court issue a show cause order ordering Loco to appear and show cause why the relief requested in this Application should not be granted. ***Due to the pending discovery requests in the Texas Action, Butler requests the Court to act expeditiously on this Application so that Butler may be relieved of responding to the postjudgment discovery.***

### ATTORNEYS' FEES REQUESTED

18. Butler requests an award of its attorneys' fees and expenses in connection with the preparation of this application and the corresponding proposed order granting the relief requested, as well as for fees expended in connection with any hearing on the application. Butler's recovery of its costs and fees is authorized by Texas Civil Practice and Remedies Code § 31.002(e) (West 2022). In connection with this request, it should be noted that this Application would not have been necessary had Loco simply accepted the Check in satisfaction of the Parties mutual obligations.

**WHEREFORE**, Butler America, LLC, requests the Court enter an order offsetting the two judgments, and that the Court grant such alternative and additional relief as it just, including, without limitation, an order requiring Loco Brands, LLC d/b/a

Direct Tek to assign the Loco Judgment to a Court appointed receiver and authorizing the receiver liquidate the Loco Judgment and apply the proceeds against the Judgment.

          Respectfully submitted,

          MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.

          *Jeffrey G. Tinkham*
          Jeffrey G. Tinkham, Of Counsel
          State Bar No. 20056300
          Fed. ID # 4725
          tinkham@mdjwlaw.com
          James M. Cleary, Jr.
          State Bar No. 00783838
          cleary@mdjwlaw.com
          808 Travis Street, Suite 1100
          Houston, Texas 77002
          Telephone: 713-632-1700
          Facsimile:  713-222-0101

          **ATTORNEYS FOR BUTLER AMERICA, LLC,**

## CERTIFICATE OF SERVICE

This Application, and the corresponding proposed order, have been filed on an *ex parte* basis and therefore have not been served on the judgment debtor. The judgment debtor has not appeared in this case to date.

          *Jeffrey G. Tinkham*
          Jeffrey G. Tinkham